María Echandi, Plaintiff and Appellee-Appellant, *v.* Ramón Parés Collazo, etc., Defendant and Appellant-Appellee.

No. 8175. Argued June 25, 1940.—Decided June 28, 1940.

*R. Díaz Collazo* for appellant-appellee.   *Dubón & Ochoteco* and *Otero Suro & Otero Suro* for appellee-appellant.

Mr. Justice Wolf delivered the opinion of the court.

On October 29, 1939, the District Court of Arecibo ordered the defendant, Ramón Parés Collazo, to pay as alimony to his wife the sum of $45 a month.  The present appeal is one from the judgment of the District Court of San Juan where the same defendant was ordered to pay his wife, María Echandi, the sum of $100 a month.  The plaintiff brought suit to obtain $200.  The defendant answered and testified to the fact that she ought to be able to live within the $45 a month already awarded to her; that all she needed was $30 a month.

It transpires that the defendant pays or helps to pay to his mother the sum of $125 a month.  We have no question that the principal burden falls upon him.  He pays out the sum of $125 for the education of his son at a military school in Virginia.  He provides or helps to provides for the education of his sister in the United States and the amount so expended by her is about $1,400 a year.  In one part of his testimony it would appear, however, that the amount that he paid his mother was partly in consideration of what she would pay in support of her daughter.

The defendant admittedly receives $500 a month as administrator of the Central Los Caños at Arecibo.  While he was

ordered by the court to pay his wife $45 a month he was receiving $400 a month. There was some question in the testimony as to whether he did not have means other than his aforesaid salary. The court did not so find and it may be taken for granted for the purposes of this appeal that he did not receive more than $500 a month as income. Nevertheless, the defendant admitted that the Central furnished him with a house, water, light, telephone, automobile, chauffeur, and gasoline.

It is clear from the evidence that the plaintiff is now living in San Juan because her state of health requires rather frequent medical treatment.

■ The antecedents of the relation between these parties does not appear from the record in this case, but it is evident that the defendant does not choose to live with his wife and there is nothing on record to show that he is in any way seeking that she should return to his house. Under these circumstances we have no doubt that a woman, with or without a deep justification, has a right to choose her own domicile. As we have intimated before, the uncontradicted evidence is that she can get in San Juan the kind of medical attention she needs. The appellant does not at all convince us that it was the duty of the plaintiff to maintain her residence in Manatí.

■ Both at the hearing and in the briefs the defendant laid some stress upon the fact that the plaintiff did not rely on her own resources alone but both in Manatí and San Juan lived with her relatives; in Manatí·with her mother.

Where a woman is seeking alimony the fact that her father, her mother or her brothers will support her, especially if she has no independent means, as here, can play no role in determining the amount that her husband would have to pay for her support. We even doubt the materiality of the evidence which would show that the wife was living with relatives. Two people of small means might live together to make life easier for them both.

■ Normally one can not see why a man who is receiving $500 a month should not pay $100 a month to his wife. The evidence tends to show that for more living expenses he is paying out a larger amount for himself. If this were a case in the courts of the continental United States, one-fifth of the income that the husband received would be, if anything, below the minimum awarded there. The situation in Puerto Rico is perhaps slightly different because a man is bound to support not only his wife but also his parents and his children, and to a certain extent his brothers and sisters.

Sections 143 and 144 of the Civil Code (1930 ed.) provide:

"Section 143. The following are obliged to support each other, within the full meaning of the preceding section:

"1. Husband and wife.

"2. Legitimate ascendants and descendants.

"3. Parents and legitimatized children and the descendants of the latter.

"4. Parents and illegitimate children, and the legitimate descendants of the latter.

"5. The adopter and the person adopted, excepting the provisions of section 136.

"Brothers and sisters also owe their legitimate brothers and sisters, even when only on the mother's or the father's side, the aid necessary to maintain their existence, when through a physical or mental defect or for any other cause not the fault of the person requiring support, the said person cannot provide for himself. With such support are included the expenses necessary for the elementary education and teaching of a profession or trade.

"Section 144. A claim for support, when proper and when there are two or more persons who are bound to give it, shall be made in the following order:

"1. To the husband or wife.

"2. To the nearest descendants.

"3. To the nearest ascendants.

"4. To brothers or sisters.

"Among descendants and ascendants the gradation shall follow the order in which they are to inherit the legitime of the person having the right to be supported."

While all the people named have a claim on a man, his wife is his first duty. We do not mean to say that a court might not take into consideration the other obligations of a man, but the court should always consider the wife first and that is what the District Court of San Juan did.

The plaintiff also appealed and assigns as error that the court limited the amount that she was to receive to $100 when under the evidence she ought to have $200 and also that the court ought to have granted attorney's fees. From the examination we have made of the evidence in this case we should not feel disposed to interfere with the discretion of the court under either assignment of error.

The defendant also moved to dismiss the appeal of the plaintiff. He maintains that the time for appealing has expired because under the Unlawful Detainer Act the time is limited to ten days. Despite the fact that we are urged to decide this matter definitely, we do not feel that the case has been very well presented. We are inclined to think that the judgment in this case awarding the plaintiff $100 is final both to her and to the defendant, and therefore subdivision 1 of section 295 of the Code of Civil Procedure fixed the time at 30 days. In this case the alimony sought was the principal matter and not an incident of the case.

The motion to dismiss should be considered as overruled and the judgment of the lower court affirmed.